JUSTICE TRIEWEILER
dissenting.
I conclude that the parties did enter into a written contract of employment for a specific term within the meaning of § 39-2-912(2), MCA (1991), and therefore, dissent from the majority opinion.
Martin “Doc” Basta worked for Advanced Litho Printing Shop in Great Falls for twenty-one years until he was induced to leave that employment with a written promise from Craig Barber, owner and operator of the Printing Center, that he would be employed on more favorable terms at that business for at least two years. However, less than one year after he began work for Barber, he was told that the Printing Center could not afford him and his employment was terminated.
*416 Section 39-2-912(2), MCA (1991), provides that the Wrongful Discharge from Employment Act found at §§ 39-2-901 to -915, MCA, does not preclude a person covered by a written contract of employment for a specific term from enforcing the terms of the employment contract.
Section 28-2-102, MCA, sets forth the necessary elements of a contract. It provides as follows:
It is essential to the existence of a contract that there be:
(1) identifiable parties capable of contracting;
(2) their consent;
(3) a lawful object; and
(4) a sufficient cause or consideration.
The document which was submitted to Basta after being prepared and signed by Craig Barber, and which is relied on by Basta as a “written contract of employment for a specific term” provided as follows:
January 23, 1992
TO: Doc Basta
FROM: Craig Barber
RE: Terms of employment
INSURANCE, The Printing Center will pay medical insurance for you and your wife.
VACATION & DAYS OFF 3 weeks paid vacation plus 5 days off as needed.
1ST YEAR $35,000 a year salary plus a bonus not to exceed $1,000 if predetermined goals are met.
2ND YEAR $36,000 a year salary with a bonus system, (to be determined)
POSITION & RESPONSIBILITIES Position: Working Foreman
Camera
Shooting
Stripping
Training
Route & schedule jobs.
Quality control.
Employee supervision and training.
Involvement in customer relations as needed.
*417 Assisting with the transition from conventional camera work to computer.
Other duties as need arises
I hope that you .find this agreeable and as we had discussed. Sincerely,
/s/ Craig Barber
Craig Barber
The document obviously included identification of the parties, the consent of Craig Barber, a lawful object, and sufficient consideration. There is no question presented regarding the capacity of either party to contract; Barber simply contends, and the District Court agreed, that because Basta had not signed the agreement, his consent had not been provided, and therefore, the agreement was incomplete. The District Court gave the following rationale for its decision:
The Court found quite credible the Plaintiff’s testimony, that he left a good job in reliance upon the Defendant’s offer of employment for a term of at least two years, but that offer had to be finalized into a “written contract of employment for a specific term,” if it is to take the Plaintiff’s case outside the parameters of the Wrongful Discharge Act. Testimony presented by the Plaintiff established that the Plaintiff accepted the Defendant’s offer by leaving his prior employment and beginning work with the Defendant, but his acceptance was not in writing as presented to the Court, but an acceptance based on performance. Unless both the offer and acceptance is finalized in the form of written contract, it does not appear to be exempted from the requirements of the Wrongful Discharge Act. Section 39-2-912, MCA (1991).
I disagree. When Basta actually went to work for Barber and fully performed, according to the terms of the contract, from March 1, 1992, until he was terminated on February 26,1993, he accepted the terms proposed by Barber by performing his responsibilities set forth in the contract. Section 28-2-503, MCA, provides for acceptance in the following manner:
(1) Performance of the conditions of a proposal or the acceptance of the consideration offered with a proposal is an acceptance of the proposal.
(2) A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known or ought to be known to the person accepting.
*418 Based on Basta’s acceptance by performance of the contract terms proposed by Barber, I conclude that there was a completed contract of employment for a specific term and that all essential terms of the contract were in writing. I would conclude that, when the employer has set forth the conditions of employment in a written document which includes the term of employment and is signed by the employer, the requirements of § 39-2-912, MCA (1991), have been satisfied. The purpose, after all, of that section’s requirement that there be a written contract is to protect the employer by limiting his employee’s remedies to the provisions of the Wrongful Discharge From Employment Act, unless it can be documented that the employer offered him or her something greater than the Act’s protections. Here, there is no question about the terms of employment which were offered by the employer. Therefore, the requirements of § 39-2-912(2), MCA (1991), have been satisfied.
However, based on Basta’s testimony to the effect that he felt Barber had committed to a term greater than two years during their conversations, the majority concludes that the contract in question does not provide for a specific term. I disagree again.
The written contract, which is set forth in this opinion, provides for a first year and a second year. It provides for the salary to be paid dining each year, and a bonus to be determined at a later date. Based on the plain language in the contract, it provided for a minimum term of two years employment.
At most, the term of employment in defendant’s proposed written contract is unartfully drawn and leaves some question about whether the term was to extend beyond two years. However, as we have repeatedly held, the author of a written agreement should not be able to avoid liability for performance of that agreement based on ambiguities which are his or her own creation. Those ambiguities are to be construed in favor of the party who did not draft the agreement. See, e.g., Topco, Inc. v. State (1996), 275 Mont. 352, 360, 912 P.2d 805, 810; Mueske v. Piper, Jaffray & Hopwood, Inc. (1993), 260 Mont. 207, 216,859 P.2d 444,449-50; St. Paul Fire & Marine Ins. Co. v. Cumiskey (1983), 204 Mont. 350, 363, 665 P.2d 223, 229.
For these reasons, I would reverse the order of the District Court and remand to that court for further evidence regarding any defenses Barber might have to Basta’s contract claim.
JUSTICES HUNT and LEAPHART join in the foregoing dissenting opinion.